## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SCOTT COATES, M.D.,

*Plaintiff,*

vs.                                                    Case No. 22-2411-EFM-KGG

GEORGE D. REICHERT, CPA, et al.,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Scott Coates, M.D., filed suit against Defendants George D. Reichert and RPR Financial, P.A. ("RPR Financial") asserting two claims: breach of fiduciary duty and accounting negligence/malpractice. Defendants filed a Comparative Fault Designation asserting that the fault of five other parties should be compared to Defendants' fault. Plaintiff filed a Motion to Strike Defendants' Comparative Fault Designations (Doc. 33). Plaintiff asserts that none of the named parties could be comparatively at fault for the claims brought against Defendants. For the reasons stated in more detail below, the Court grants in part and denies in part Plaintiff's motion.

### I.      Factual and Legal Background

Plaintiff previously performed work for Ashley Clinic. Defendant Reichert and his firm, RPR Financial, provided accounting services to Plaintiff personally and to Ashley Clinic. In 2019, Plaintiff left Ashley Clinic and began working for Labette Health.

Ashley Clinic filed suit against Plaintiff for violation of a non-compete agreement. In connection with that case, Ashley Clinic designated Reichert to provide expert testimony. Reichert's expert report supported Ashley Clinic's claims against Plaintiff, and Reichert offered the opinion that Plaintiff was an employee of Ashley Clinic.

Plaintiff sought to exclude Reichert's testimony at trial, but his motion was denied. Reichert testified at trial.[1]  The jury found against Plaintiff and for Ashley Clinic.

Plaintiff filed suit in this Court on October 10, 2022, asserting two claims against Reichert and RPR Financial. He claims that Reichert breached his fiduciary duty to him by testifying against him; preparing expert reports against him; using knowledge that Reichert gained in his CPA role against him; assisting one client (Ashley Clinic) in its pursuit of a legal claim against another client (him); and failing to comply with Kansas statutes and regulations governing the accounting profession. Plaintiff also asserts an accounting negligence/malpractice claim against Defendants alleging that Reichert gathered knowledge from Plaintiff as his CPA and used that information when preparing an expert report and testifying against Plaintiff.

Defendants filed a Designation of Comparative Fault. They designated five parties for which to compare fault: (1) Plaintiff, (2) Brian Williams, (3) Labette County Medical Center d/b/a Labette Health, (4) Blane Markley, and (5) Spencer Fane, LLP. Plaintiff has now filed a Motion to Strike the Comparative Fault Designation.

Defendants first seek to compare their fault with Plaintiff. They claim that Plaintiff is contributorily at fault for (1) seeking discovery and testimony from Reichert during the Ashley Clinic litigation, (2) failing to raise K.S.A. § 1-401 to preclude Reichert's testimony or argue that

---

[1] The parties disagree over who called Reichert at trial.

Reichert could not testify in the Ashley Clinic litigation, (3) eliciting testimony from Reichert during the Ashley Clinic trial, (4) breaching his non-compete with Ashley Clinic, and (5) by entering into a written contract with Labette Health.

Additionally, Defendants seek to compare their fault with Mr. Williams' fault.  They claim Mr. Williams (CEO of Labette Health) (1) allegedly induced Plaintiff to breach his non-compete agreement, (2) tortiously interfered with Plaintiff's non-compete agreement, and (3) negotiated a written contract between Plaintiff and Labette Health.

Defendants also state that Labette Health may be contributorily at fault because Labette Health (1) sought discovery and testimony from Reichert during the Ashley Clinic litigation, and (2) intentionally interfered with and caused Plaintiff to breach his non-compete agreement with Ashley Clinic.

Defendants further seek to compare their fault with Blane Markley and Spencer Fane, LLP, stating that Mr. Markley and Spencer Fane may be at fault for (1) representing and advising Plaintiff regarding his non-compete agreement, (2) representing Plaintiff during the Ashley Clinic litigation, (3) seeking discovery and testimony from Reichert during the Ashley Clinic litigation, (4) failing to raise K.S.A. § 1-401 to preclude Reichert's testimony during the Ashley Clinic litigation, (5) negotiating Plaintiff's written contract with Labette Health, and (6) inducing Plaintiff to breach his non-compete agreement with Ashley Clinic.

## II.    Legal Standard

Because this matter is premised on diversity jurisdiction, the state substantive law of Kansas is applicable, including comparative fault principles.[2]  Comparative fault is governed by K.S.A. § 60-258a.

> [U]nder the Kansas law of comparative negligence, a defendant has a right to have the fault of all participants in an occurrence measured in one action, and to reduce his or her liability by the amount of fault attributable to the other participants, irrespective of whether they are joined as parties or are immune from liability.[3]

"[W]here multiple parties could be at fault for tort claims and a plaintiff chooses to proceed against only one party on the tort claims, that party will be responsible only for its proportionate share of damages."[4]

## III.    Analysis

Plaintiff contends that the comparative fault designations should be struck because none of the identified parties owed Plaintiff a fiduciary duty or accounting duty.  Defendants designated five parties for which to compare fault: (1) Plaintiff, (2) Brian Williams (CEO of Labette Health), (3) Labette County Medical Center d/b/a Labette Health, (4) Blane Markley (attorney), and (5) Spencer Fane, LLP.  They seek to compare these parties' fault with their fault.

It is important to start with the claims that Plaintiff brings against Defendants in this lawsuit.  He asserts two claims: (1) breach of fiduciary duty, and (2) accounting negligence/malpractice.  Defendants argue that each person/entity that they designated as being

---

[2] *See Rogers v. Bayer U.S. LLC*, 2022 WL 4182334, at *2 (D. Kan. 2022) (citations omitted).

[3] *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1496 (10th Cir. 1983).

[4] *Wheeler v. Numark Indus. Co.*, 2006 WL 763664, at *6 (D. Kan. 2006) (citing *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 666 P.2d 192, 198 (1983)).

comparatively at fault owed a duty of care to Plaintiff, but Defendant's contention ignores the claims asserted in this case. The relevant question is whether any of the person/entities that Defendant designated as comparatively at fault have any responsibilities or duties in relation to the claims Plaintiff asserts—not whether these persons/entities just had general duties to Plaintiff.

Defendants contend that Mr. Williams and Labette Health had a duty to use reasonable care in their employment relationship with Plaintiff. However, Mr. Williams' and Labette Health's actions do not relate to the claims asserted by Plaintiff against Defendants. The fact that Mr. Williams and Labette Health entered into an employment relationship with Plaintiff, tortiously or otherwise, does not impact or relate to Plaintiff's claims that Reichert breached his fiduciary duty to Plaintiff or committed accounting negligence/malpractice. Thus, Defendants cannot compare their fault to Mr. Williams or Labette Health, and the Court strikes these comparative fault designations.

Similarly, Mr. Markley's and Spencer Fane's actions do not relate to the claims asserted by Plaintiff in this case. Defendants contend that Mr. Markley and Spencer Fane owed a duty to provide legal services to Plaintiff. Mr. Markley' and Spencer Fane's representation of Plaintiff, whether in helping Plaintiff negotiate a contract with Labette Health, or in the litigation with Ashley Clinic, does not relate to Plaintiff's claims for breach of fiduciary duty and accounting negligence/malpractice. They do not owe duties in the context of the claims asserted here. Thus, the Court strikes the comparative fault designations of Mr. Markley and Spencer Fane.

Finally, Defendants designate Plaintiff as an individual for whom they seek to compare fault. Although Plaintiff is correct that he does not owe himself a fiduciary duty or an accounting duty, he does have a duty to exercise ordinary care on his own behalf. Plaintiff's own actions are relevant in considering the claims of breach of fiduciary duty and accounting

negligence/malpractice.   Thus, the Court will not strike the comparative fault designation of Plaintiff.

In sum, the Court strikes the comparative fault designations of Mr. Williams, Labette Health, Mr. Markley, and Spencer Fane.  It does not strike the comparative fault designation of Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendants' Comparative Fault Designations (Doc. 33) is **granted in part** and **denied in part**.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE